UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW DEJILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No. 5:15-cv-03080-RMW<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 11, 14 |

Plaintiff Andrew Dejillo, as administrator of the estate of Nick M. Losada, filed a complaint[1] in Monterey County Superior Court against defendants Wells Fargo Bank, N.A.; Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett"); and unnamed DOE defendants alleging wrongful foreclosure under California state law. Dkt. No. 1. Wells Fargo removed the case to this court, *id.*, and now moves to dismiss the complaint for failure to state a claim on which relief can be granted. Dkt. No. 14. Plaintiff filed a motion to remand the case to state court, arguing a lack of subject matter jurisdiction due to an absence of complete diversity among defendants. Dkt. No. 11. For the reasons explained below, the court GRANTS the motion to remand. Because this order remands the case to state court, the order does not reach the merits of the motion to dismiss.

---

[1] The complaint is attached to Wells Fargo's notice of removal as Dkt. No. 1-1 ("Compl.").

1
5:15-cv-03080-RMW
ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS
RS

## I. BACKGROUND

This action arises from the foreclosure of a home at 1745 Donner Circle, Salinas, CA 93906. Compl. ¶ 1. The complaint alleges that on or about September 28, 2004, Nick M. Losada executed a promissory note and a deed of trust on the property. *Id.* ¶ 11. The named lender in the deed of trust was "World Savings Bank, FSB." *Id.* The trustee listed on the deed of trust was "Golden West Savings Association Service Co." *Id.* The deed of trust was recorded at the Monterey County Recorder's Office. *Id.*

On or about May 21, 2014, Mr. Losada passed away from a heart attack. *Id.* ¶ 13. His son, Plaintiff Andrew Dejillo, commenced this suit as administrator of Mr. Losada's estate. *Id.* Mr. Dejillo resides in the Salinas, California property that is the subject of this case. *Id.* ¶ 1.

Through a series of name changes and mergers, Defendant Wells Fargo Bank N.A. became the successor in interest to World Savings Bank, FSB. Dkt. No. 1 at 3. Wells Fargo Bank, N.A., is a national banking association and is considered a citizen of the state of its main office, in this case, South Dakota. *Id.*

On or about December 11, 2014, defendants recorded a Substitution of Trustee in the Monterey County Recorder's Office, substituting defendant Barrett in place of Golden West on the deed of trust on the property. Compl. ¶ 12. Defendant Barrett is a Texas limited liability partnership. *Id.* ¶ 3. Because Barrett has California partners, there is no dispute for purposes of the present motion that Barrett should be considered a California citizen. Dkt. No. 1 at 4.

On or about December 12, 2014, defendants recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") in the Monterey County Recorder's Office. Compl. ¶ 14. The NOD contained a declaration of compliance allegedly signed by a VP Loan Documentation agent or employee of Wells Fargo. *Id.* The declaration certified that "[t]he mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.55(f) to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure'. Thirty (30) days, or more, have passed since these due diligence efforts were satisfied." Dkt. No. 1-1 Ex. A, p. 61. Plaintiff alleges that "[t]he declaration of compliance was

false, as the alleged contacts with Plaintiff had not been made. Indeed, the necessary contacts could not have been made as Mr. Losad[a] had passed away." Compl. ¶ 14.

On or about March 16, 2015, defendants recorded a Notice of Trustee's Sale in the Monterey County Recorder's Office. *Id.* ¶ 15. Then on April 24, 2015, defendants recorded a Trustee's Deed Upon Sale. *Id.* The property was sold to Wells Fargo at a foreclosure auction. *Id.*

Plaintiff commenced this suit in state court on May 13, 2015, alleging that defendants wrongfully foreclosed on the Salinas property, committing violations of California Civil Code §§ 2923.55, 2923.6, and 2924.17; negligence; and violations of California's Unfair Competition Law. In short, plaintiff alleges "substantive and procedural irregularities of the non-judicial foreclosure process" under California law. *Id.* ¶ 16.

Wells Fargo subsequently removed the case to this court.

## II. ANALYSIS

A defendant may remove to federal court those civil actions filed in state court which could have been filed in federal court in the first instance. 28 U.S.C § 1441. The diversity jurisdiction statute confers federal subject matter jurisdiction in cases where the parties are citizens of different states and where the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.[2] Both the diversity and removal statutes are strictly construed and any doubts are resolved against finding jurisdiction. *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

Plaintiff is a California citizen, so if any defendant is a California citizen, this court should remand the case. In its notice of removal, Wells Fargo acknowledges that defendant Barrett is a California citizen. Dkt. No. 1 at 4. Wells Fargo argues, however, that Barrett "is to be ignored for purposes of diversity jurisdiction analysis, as it is a fraudulently joined, nominal party, mere stakeholder, and current trustee under the subject Deed of Trust." *Id.*

"[O]ne exception to the requirement of complete diversity is where a non-diverse

---

[2] Plaintiff did not plead any federal questions.

defendant has been 'fraudulently joined.' " *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff fails to state a cause of action against a resident defendant, "the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). There is a "general presumption against fraudulent joinder" and the defendant's burden of demonstrating that a joinder is fraudulent is a "heavy" one. *Id.* at 1046. "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned." *Sun v. Bank of America Corp.,* No. SACV 10–0004 AG (MLGx), 2010 WL 454720, *3 (C.D. Cal. Feb. 8, 2010) (emphasis added, citing *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989)).

   The sufficiency of plaintiff's current allegations against Barrett is questionable in part because plaintiff frequently uses the plural term "defendants" without specifying which defendants are responsible for particular actions. Nevertheless, viewed in the light most favorable to plaintiff, the complaint at least implies that Wells Fargo and Barrett acted in conspiracy to improperly initiate foreclosure by recording foreclosure documents without providing plaintiff with the required notice and opportunity to cure. *See, e.g.,* Compl. ¶¶ 18-24, 25-26, 29-33, 48-50. Other courts have found that a trustee was not fraudulently joined under analogous circumstances. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063-64 (C.D. Cal. 2012) (finding that trustee was not fraudulently joined despite the fact that trustee's name was mentioned only once in 84-page complaint, to state its citizenship); *Gomez v. Wells Fargo Bank, N.A.*, No. C 15–2996 SBA, 2015 WL 4592060, at *2 (N.D. Cal. July 27, 2015) (finding no fraudulent joinder where trustee allegedly "conspired with Wells Fargo by, inter alia, knowingly issuing invalid and fraudulent foreclosure documents and illegally appointing itself as the substitute trustee under the Deed of Trust").

   Wells Fargo also argues that the court should disregard Barrett as a "nominal party," that is, a party whose "role is limited to that of a stakeholder." *Hewitt v. Stanton*, 798 F.2d 1230, 1233

(9th Cir. 1986). Nominal parties are those "with nothing at stake . . . despite the propriety of their technical joinder." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002). When evaluating whether diversity jurisdiction is present, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

Here, Wells Fargo claims that Barrett has no financial interest in the property and that its only involvement was with the foreclosure proceedings, part of its ministerial role under the Deed of Trust. Dkt. No. 1 at 4. Wells Fargo argues that plaintiff has alleged no facts stating that Barrett engaged in wrongdoing or acted for its personal advantage. *Id.* Courts have held, however, that "status as trustee is not itself sufficient to render" an entity a nominal party. *Gomez*, 2015 WL 4592060 at *2. Here, as noted above, plaintiff has alleged that Barrett and Wells Fargo together engaged in acts to improperly initiate foreclosure. Moreover, plaintiff is seeking monetary damages against Barrett. Compl. ¶¶ 24, 28, 33, 39, 50. Under these circumstances, Wells Fargo has failed to show that Barrett is merely a nominal party. *Couture v. Wells Fargo Bank, N.A.*, No. 11–CV–1096–IEG (CAB), 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011) (finding that trustee was not a nominal party where the "complaint makes substantive allegations and asserts claims for money damages against" trustee).

Wells Fargo also contends that, pursuant to California Civil Code § 2924(d), Barrett is immune from liability for executing and recording foreclosure notices. Dkt. No. 16 at 4. As Wells Fargo acknowledges, however, the immunity for sending statutorily required notices in a non-judicial foreclosure does not apply if there is a showing of malice. *Id.* Indeed, courts have found that where a plaintiff sufficiently alleges malice against a trustee, the privilege may not apply. *See, e.g.*, *Mireles*, 845 F. Supp. 2d at 1065 (finding that immunity might not apply where plaintiff alleged that "[d]efendants acted outrageously and persistently with actual malice in performing the acts alleged"); *Boggs v. Wells Fargo Bank NA*, No. C 11–2346 SBA, 2012 WL 2357428 at *4 (N.D. Cal. June 14, 2012) (finding allegation that defendants acted with fraudulent intent sufficient to show that defendants acted with malice, foreclosing qualified immunity for trustee).

1  Here, plaintiff alleged that defendants engaged in "fraudulent" business acts by, among
2  other things, failing to contact plaintiff and determine his eligibility for a loan modification as
3  required by law. Compl. ¶¶ 47-49. Plaintiff alleges that defendants' actions "were willful,
4  oppressive, and malicious, in that Defendants engaged in acts of unfair competition with the
5  deliberate intent to injure Plaintiff." *Id.* ¶ 50. Plaintiff's allegations regarding malice are scant.
6  Nevertheless, this order finds that, when viewed in the light most favorable to plaintiff, these
7  allegations may be sufficient to render Barrett ineligible for statutory immunity.

8  Wells Fargo notes that before removal, Barrett appeared in state court and filed a
9  Declaration of Non-Monetary Status ("DMNS"). Dkt. No. 1 at 2. California Civil Code section
10 2924l permits a trustee to declare "non-monetary status" if it "maintains a reasonable belief that it
11 has been named in the action or proceeding solely in its capacity as trustee, and not arising out of
12 any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ.
13 Code § 2924l(a). This section further provides that:

> In the event that no objection is served within the 15–day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding.

*Id.* § 2924l(d).

19  Wells Fargo does not appear to rely on the DMNS in arguing that Barrett was fraudulently
20 joined. Wells Fargo has not argued that the 15-day period for objection to the DMNS expired
21 before removal, nor has defendant indicated the date on which the DMNS was filed. Accordingly,
22 the court does not consider the DMNS in determining whether Barrett was a nominal party. *See*
23 *Boggs v. Wells Fargo Bank NA*, No. C 11–2346 SBA, 2012 WL 2357428 at *3 (N.D. Cal. June
24 14, 2012) (finding that DMNS filed two days before notice of removal did not turn trustee into
25 nominal party at time of removal).

26  Since Barrett is not a sham defendant whose citizenship may be disregarded, the Court
27 finds that complete diversity was lacking at the time of removal and that remand is thus required.



*See* 28 U.S.C. § 1447(c).

## III. CONCLUSION

For the reasons explained above, the court GRANTS the motion to remand. Because removal jurisdiction is lacking, the court does not reach the merits of Wells Fargo's pending motion to dismiss, which is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: September 4, 2015



Ronald M. Whyte
United States District Judge